AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Michael Yates<br><br>*Defendant(s)* | ) ) ) ) ) ) )  Case No. 23-MJ-6178-PAB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __1/11/2023-3/10/2023__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Possession with intent to distribute a controlled substance |
| Title 18, United States Code, Section 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |
| Title 18, United States Code, Section 922(g)(1) | Possession of a firearm and/or ammunition while being a convicted felon |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Kalarchian, Special Agent, HSI
*Printed name and title*

Sworn to and signed before me:

Date: April 21, 2023

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida

Panayotta Augustin-Birch, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin C. Kalarchian, being duly sworn, depose and state the following:

## INTRODUCTION AND OFFICER BACKGROUND

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since September of 2019. I am empowered by the Homeland Security Act of 2002 to perform the duties provided by law and regulation and I am empowered by law to conduct investigations of, and make arrests for, offenses against the United States of America, including violations of Title 8, 18, and 19, United States Code. I am also empowered by a Memorandum of Understanding with the Drug Enforcement Administration ("DEA") to conduct investigations of narcotics violations under the Controlled Substances Act, Title 21 United States Code. Previously, I was employed as a Special Agent with the United States Secret Service ("USSS") from 2017 until 2019. Prior to that, I was employed as a Police Officer by the Town of Davie Police Department from 2012 until 2017.

2. This affidavit is for the limited purpose of establishing probable cause that **Michael Yates ("YATES")** did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); did knowingly possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and did knowingly possess a firearm and/or ammunition as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

3. The information contained in this Affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. Because this Affidavit is provided solely for the purpose of establishing probable cause, it sets forth only those material facts that I

1

believe are necessary to establish probable cause and does not include all the details of the investigation of which I am aware.

## PROBABLE CAUSE

### *Initial Investigation and Law Enforcement Undercover Buys*

4. Beginning in and around January 2023, law enforcement received information that Michael Yates ("YATES") was actively selling narcotics in Broward County, Florida.

5. On or about January 11, 2023, an undercover law enforcement officer ("UC") spoke with YATES, who agreed to sell "MDMA" in exchange for $50.00 United States currency. YATES instructed the UC to meet at 630 NW 18th Court, Pompano Beach, Florida 33060, which is ultimately where the deal occurred. YATES exchanged the "MDMA" for $50.00 United States currency with the UC. This meeting was surveilled by law enforcement and was captured on video and audio recording. Later, a certified and accredited laboratory determined the "MDMA" was dimethylpentylone (1-(1,3-benzodioxol-5-yl)-2-(dimethylamino)-1-pentanone), a substituted cathinone with a net weight of approximately 1.82 grams.

6. On or about January 25, 2023, the UC spoke with YATES, who agreed to sell "MDMA" in exchange for $50.00 United States currency. YATES instructed the UC to meet at 630 NW 18th Court, Pompano Beach, Florida 33060, which is where the deal ultimately occurred. YATES exchanged the "MDMA" for $50.00 United States currency with the UC. This meeting was surveilled by law enforcement and was captured on video and audio recording. Later, a certified and accredited laboratory determined the "MDMA" was dimethylpentylone (1-(1,3-benzodioxol-5-yl)-2-(dimethylamino)-1-pentanone), a substituted cathinone with a net weight of approximately 1.49 grams.

7. On or about February 10, 2023, the UC spoke with YATES, who agreed to sell half an ounce of "MDMA" in exchange for $200.00 United States currency. YATES instructed the UC to meet at 630 NW 18th Court, Pompano Beach, Florida 33060, which is where the deal ultimately occurred. YATES exchanged the "MDMA" and some suspected cannabis for $200.00 United States currency with the UC. This meeting was surveilled by law enforcement and was captured on video and audio recording. The green leafy substance suspected to be cannabis field tested positive for cannabis/THC and weighted approximately 5 grams. Later, a certified and accredited laboratory determined the "MDMA" was dimethylpentylone (1-(1,3-benzodioxol-5-yl)-2-(dimethylamino)-1-pentanone), a substituted cathinone with a net weight of approximately 13.27 grams.

8. On or about March 1, 2023, the UC spoke with YATES, who agreed to sell "MDMA" in exchange for $50.00 United States currency. YATES instructed the UC to meet at 630 NW 18th Court, Pompano Beach, Florida 33060, which is where the deal ultimately occurred. YATES exchanged the "MDMA" for $50.00 United States currency with the UC. This meeting was surveilled by law enforcement and was captured on video and audio recording. The suspected "MDMA" field tested positive for Methylenedioxymethamphetamine and weight approximately 2 grams.

*Law Enforcement Undercover Firearm Purchase*

9. On or about March 10, 2023, the UC spoke with YATES, who agreed to sell the UC a firearm, "MDMA", and "crack cocaine". The UC was instructed by YATES to come to 630 NW 18th Court, Pompano Beach, Florida 33060. The UC and YATES met at this location, YATES exchanged a firearm (a Springfield, model XDE-9, 9mm semiautomatic pistol), the "MDMA", and the "crack cocaine" for $755.00 United States currency. This meeting was

surveilled by law enforcement and was captured on video and audio recordings. Later, a certified and accredited laboratory determined the substance sold as "MDMA" was dimethylpentylone (1-(1,3-benzodioxol-5-yl)-2-(dimethylamino)-1-pentanone), a substituted cathinone with a net weight of approximately 11.97 grams and the substance sold as "crack cocaine" was cocaine with a net weight of approximately 0.82 grams.

10.     A criminal history records check revealed that, prior to March 10, 2023, YATES had been convicted of one or more crimes punishable by imprisonment exceeding one year (felony offenses). For example, on or about August 8, 2021, YATES was convicted of being a felon in possession of a firearm, in Broward County, Florida. Additionally, YATES has been incarcerated in the state of Florida Bureau of Prisons for felony level convictions from on or about May 17, 2007, until on or about December 3, 2009, and again on or about August 8, 2014, until on or about September 13, 2018. As a result, YATES knew he was a felon at the time of his possession of the firearm identified in Paragraph 9.

11.     A Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Nexus Examiner examined the firearm identified in Paragraph 9 of this Affidavit. The expert confirmed that the firearm was manufactured outside the State of Florida. Thus, the firearm must have traveled in and affected interstate and/or foreign commerce prior to March 10, 2023.

12.     A restoration of rights record check revealed that YATES has not had his right to possess a firearm restored.

## CONCLUSION

10.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about March 10, 2023, **Michael Yates ("YATES")** did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United

4

States Code, Section 841(a)(1); did knowingly possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and did knowingly possess a firearm and/or ammunition as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NOT.**

Respectfully submitted,

_____
Justin Kalarchian, Special Agent
Homeland Security Investigations (HSI)

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1, by FaceTime , this 21st day of April 2023.

_____
Panayotta Augustin-Birch
UNITED STATES MAGISTRATE JUDGE

5